IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01434 EWN-MJW

MARYLAND CASUALTY COMPANY, a
Maryland corporation,

    Plaintiff,

v

EDWARD A. MORSE, an individual;
MORSE CYCLE SALES, INC., a Colorado
corporation; and
PHILLIP WELLS, an individual,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff Maryland Casualty Company ("Maryland") and Defendants Edward A. Morse ("Morse"), Morse Cycle Sales, Inc. ("Morse Cycle") and Phillip Wells ("Wells") (collectively Defendants"), through their undersigned counsel, hereby submit the following Stipulated Protective Order ("Stipulated Order") pursuant to Fed. R. Civ. P. 26(c), and request that it be entered as an Order of the court. In support hereof, the parties state as follows:

The parties are engaged in the litigation of coverage under an insurance policy issued by Plaintiff Maryland to Defendant Morse. In discovery, defendant Phillip Wells has requested a copy of the producer's agreement between Maryland and the agency that issued the policy at issue, Goetz Insurors, Inc. (the "Producers Agreement"). The Producers Agreement includes certain confidential and proprietary information which is not relevant to this action, and the

disclosure of the Producers Agreement to third parties may cause damage to the business of Maryland and/or the Goetz Insurors, Inc. Accordingly, the parties request that the following Stipulated Order be entered as an order of the Court, which order shall remain in force and survive the termination of the above-captioned action

## TERMS AND CONDITIONS

1. The Producers Agreement, whether obtained through Maryland, Goetz Insurors, Inc. or any other source, shall be held in confidence by Morse, Morse Cycle and Wells ("Receiving Parties") and shall not be disclosed, in whole or in part, to any other person who is not a party to this action without the consent of Maryland or order of this Court, nor shall the Producers Agreement be used, directly or indirectly, for any purpose other than the litigation and/or resolution of the above-captioned action.

2. Notwithstanding the foregoing, the parties may disclose the Producers Agreement to a witness in a deposition or at trial, provided such witness is advised of the obligation to maintain the confidentiality of the Producers Agreement and the prohibition on disclosure of the Producers Agreement imposed by this Stipulated Order.

3. The Receiving Parties shall be responsible for taking reasonable steps to ensure that all employees, representatives and agents of the Receiving Parties receiving the Producers Agreement have been advised of the confidentiality obligations of this Stipulation and adhere to the terms of this Stipulation as if such persons were signatories hereto.

4 If the Producers Agreement is filed with the Court in connection with any pre-trial proceedings (*e.g.*, without limitation, memoranda, declarations or exhibits thereto), it must be filed under seal, and designated "Confidential" and "Subject to the Terms and Conditions of a Protective Order."

5.   Without prejudice to any other rights or remedies the parties may have, the parties acknowledge and agree that money damages would not be an adequate remedy for any breach of this Stipulated Order and that the non-breaching party shall be entitled to the remedies of preliminary and permanent injunction, without the necessity of a bond, and other equitable relief, for any threatened or actual breach of this Stipulated Order. In any proceeding to enforce this agreement, the non-breaching party shall be entitled to an award of its necessary costs and attorney's fees, in addition to any other relief that may be available under applicable laws.

6.   No failure or delay by any party in exercising any right under this Stipulated Order shall operate as a waiver thereof, and no modification hereof shall be effective, unless approved by the Court or in writing by the parties.

WHEREFORE, the parties, through their undersigned counsel, respectfully request that this Stipulated Protective Order be entered as an order of this Court.

Dated November 28, 2007

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Respectfully submitted this 27th day of November, 2007.

| KUTAK ROCK LLP | BAUER & FURMAN PC |
|---|---|

By: _s/ Craig N. Johnson_
    Craig N. Johnson, Esq.
    1801 California Street, Suite 3100
    Denver, Colorado 80202
    Telephone: 303-297-2400
    Facsimile: 303-292-7799
    E-Mail: craig.johnson@kutakrock.com

ATTORNEYS FOR PLAINTIFF

JOUARD & PICKERING, P.C.

By: _s/ Stephen J. Jouard_
    Stephen J. Jouard, Esq.
    2038 Caribou Drive, Suite 100
    Fort Collins, Colorado 80525
    Telephone: 970-482-1977
    Facsimile: 970-225-6649
    E-mail: steve@jouardpickering.com

ATTORNEYS FOR DEFENDANT
PHILLIP WELLS

By: _s/ Steven M. Furman_
    Steven M. Furman, Esq.
    P.O. Box 697
    Fort Morgan, Colorado 80701
    Telephone: 970-867-4460
    Facsimile: 970-867-4489
    E-Mail: sfurman@fkblawfirm.com

ATTORNEYS FOR DEFENDANTS
EDWARD A. MORSE AND
MORSE CYCLE SALES, INC.